NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| RAYMOND LAMONT BARTEE, Plaintiff v. ERIK SHENKUS, et al., Defendants | Civil No. 24-8326 (RMB-MJS) <br><br> **OPINION** |

**RENÉE MARIE BUMB, Chief United States District Judge**

This matter comes before the Court upon the original and amended civil rights complaints under 42 U.S.C. § 1983 (Dkt. Nos. 1, 4) filed *pro se* by Plaintiff Raymond Lamont Bartee, a pretrial detainee who is confined in the Atlantic County Justice Facility in Mays Landing, New Jersey. Plaintiff submitted an *in forma pauperis* ("IFP") application under 28 U.S.C. § 1915(a) (Dkt. No. 1-1), which establishes his financial eligibility to proceed without prepayment of the filing fee. The Court is required to review the amended complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for *sua sponte* dismissal of claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *Id.*

**I.      PROCEDURAL HISTORY**

### A. The Complaint

On August 7, 2024, Plaintiff filed a prisoner civil rights complaint under 42 U.S.C. § 1983 against the following: New Jersey Administrative Law Judges Gibson and Thomas Keywood (the "ALJ Defendants"), the State of New Jersey, and the County of Cape May Prosecutor and Public Defender. Plaintiff alleged the ALJ Defendants violated his constitutional rights by presiding over his bail hearing without jurisdiction because he is "an individual in his private capacity," a "TRUSTEE," and "Individual Banker and Beneficial Owner." (Compl., Dkt. No. 1.) According to the complaint, Plaintiff was arrested on June 21, 2024, after a man reported that Plaintiff had a knife. Plaintiff was charged with "certain persons not to have a weapon." Plaintiff alleges he was detained without any evidence of a crime and without jurisdiction of the court. He further alleges ALJ Keywood conspired to commit insurance fraud. For relief, Plaintiff seeks money damages, release from pretrial detention, termination of the defendants' employment and prosecution of the defendants.

### B. The Amended Complaint

Prior to this Court's screening of Plaintiff's original complaint Plaintiff filed an amended complaint against Public Defender Erik Shenkus. (Am. Compl., Dkt. No. 4.) In general, an "amended complaint 'supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.'" *W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013); *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*,

2

101 F.3d 1492, 1504 (3d Cir. 1996) (citations omitted). Plaintiff's amended complaint refers to his earlier pleading. Therefore, the Court will screen both complaints as the amended complaint.

### C. Letters to the Court

Plaintiff subsequently sent a series of letters to this Court, seeking to add new defendants and claims in this matter and to dismiss the state court criminal proceeding against him.[1] (Dkt. Nos. 6-10.) Informal letters submitted to the Court to add or delete parties and claims are not permitted under Federal Rules of Civil Procedure 8 and 15. These rules, among other things, support effective case

---

[1] The avenue for pretrial habeas relief, in other words, release of a detainee from state custody by a federal court, is a proceeding under 28 U.S.C. § 2241, not a civil rights action under 42 U.S.C. § 1983 to dismiss a state court proceeding. *See Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975) ("jurisdiction to issue the writ exists in the federal courts before a judgment is rendered in a state criminal proceeding.") Additionally, the Court takes judicial notice that Plaintiff has filed a pretrial habeas petition, *Bartee v. Lombardo*, 24cv8207(ESK). By letter filed on August 23, 2024 (Dkt. No. 5), Plaintiff requests this Court to merge his habeas and civil rights actions and reassign the case(s) outside the District of New Jersey or to a vicinage other than the duty station of the ALJ Defendants. With respect to merging or consolidating the cases, the Supreme Court "has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Given the vast differences between the nature of habeas and civil rights actions, consolidating Plaintiff's cases would not facilitate the administration of justice. *See Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 176 (D.N.J. 2008) ("the mere presence of a common question of law or fact does not compel consolidation where consolidation would not facilitate the administration of justice.) Plaintiff's request for consolidation will be denied. Furthermore, there is no basis for reassigning Plaintiff's cases to a different United States District Court or a different vicinage within the U.S. District Court of New Jersey based on a conflict of interest because Plaintiff's litigation involves claims against state court, not federal, judicial officers.

management and provide notice to the defendants of the claims asserted against them. Therefore, Plaintiff's letters requesting to add claims and/or defendants have no legal effect on his pleading, and Plaintiff must submit any subsequent amended pleadings in conformance with the Federal Rules of Civil Procedure and this Court's local civil rules.[2]

## II.    DISCUSSION

### A.    Standard of Law

The standard for dismissal for failure to state a claim under § 1915(e)(2)(B) and § 1915A(b) is the same as the standard for a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Daker v. Bryson*, 841 F. App'x 115, 122 (11th Cir. 2020) (holding dismissals "for failure to state a claim under the PLRA are governed by the same standard as dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure") (citation omitted)). The Rule 12(b)(6) standard requires that "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" and formulaic recitation of the elements required to state a cause of action do not suffice to state a claim. *Id.* (quoting *Twombly*, 550 U.S. at 555). A claim is plausible "when the plaintiff pleads factual content that allows the court to

---

[2] The Court's local civil rules are available online at https://www.njd.uscourts.gov/local-rules-and-appendices.

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556)). Plausibility requires more than "facts that are 'merely consistent with' a defendant's liability." *Id.* (quoting *Twombly*, 550 U.S. at 557)).

### B. Analysis

#### 1. Conspiracy

To state a civil rights claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff alleges the defendants conspired to somehow commit insurance fraud. "To prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law "reached an understanding" to deprive him of his constitutional rights." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 293–94 (3d Cir. 2018). The Court is unable to determine how this allegation of insurance fraud might state a cognizable violation of Plaintiff's rights under the Constitution or laws of the United States. Therefore, the § 1983 conspiracy claims against defendants are dismissed with prejudice.

#### 2. Judicial Immunity

For Plaintiff's § 1983 claims against the ALJ Defendants, Plaintiff must overcome judicial immunity.[3] Judicial officers are immune from suit in all but two circumstances: (1) for actions not taken in the judge's judicial capacity; and (2) for actions were taken in complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Plaintiff's allegations that ALJ Gibson and ALJ Keywood lacked jurisdiction over Plaintiff's bail hearing because Plaintiff is a natural person and not a corporation are frivolous,[4] and these claims will be dismissed with prejudice.

### 3. Eleventh Amendment Immunity

Plaintiff' asserts a § 1983 claim against the State of New Jersey, that he is in State pretrial custody without probable cause, in violation of the Fourth and Fourteenth Amendments. "[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (citations omitted). New Jersey has not waived its sovereign immunity for § 1983 claims. *Mierzwa v. United States*, 282 F. App'x 973,

---

[3] Judicial immunity extends to judges of courts of limited jurisdiction, such as municipal court or administrative law judges, because their roles are "functionally comparable" to that of a judge. *Figueroa v. Blackburn*, 208 F.3d 435, 441 (3d Cir. 2000).

[4] "'[S]overeign citizen' or 'straw man' arguments have been widely rejected as frivolous by federal and state courts. *Blinke v. Sweeney*, No. 1:23-CV-01259-YK, 2023 WL 8361795, at *2 (M.D. Pa. Nov. 9, 2023), *report and recommendation adopted*, No. 1:23-CV-01259, 2023 WL 8359908 (M.D. Pa. Dec. 1, 2023) (citing e.g., *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.")

976 (3d Cir. 2008). Therefore, the § 1983 claim(s) against the State of New Jersey will be dismissed with prejudice.

### 4. Public Defenders Are Generally Not State Actors

Plaintiff brings suit against Cape May County Public Defender and Erik Shenkus, Public Defender.[5] He alleges that on August 5, [2024], Erik Shenkus spoke on Plaintiff's behalf in a proceeding at Cape May Courthouse, after Plaintiff warned Shenkus that he did not want his representation. Plaintiff also advised ALJ Gibson that he did not want Shenkus to represent him. Plaintiff alleges Shenkus is part of a conspiracy to commit insurance fraud, and part of a conspiracy to deprive Plaintiff of his constitutional rights "with racist threats, intimidation and coercion," none of which is described in the amended complaint.

"[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *accord T.R. v. Havens*, 612 F. App'x 83, 89 (3d Cir. 2015). Erik Shenkus and Cape May County Prosecutor are immune from suit under § 1983 for their actions in representing Plaintiff, upon their appointment as counsel by the court. Plaintiff has not alleged that the state court did not appoint

---

[5] It is not clear whether Plaintiff intended to replace Cape May County Public Defender, the defendant named in the original complaint, with Erik Shenkus, Public Defender, who was named in the amended complaint. The Court will assume "Cape May County Public Defender" is the supervisory attorney in the Cape May County Public Defender's Office, and is sued in his supervisory capacity, and Erik Shenkus is the specific Public Defender appointed to represent Plaintiff in the criminal proceeding at issue in the amended complaint.

Shenkus or the Cape May County Public Defender to represent him, only that he did not want their representation. Courts determine whether a criminal defendant has knowingly, intelligently and voluntarily waived his Sixth Amendment right to counsel. *United States v. Taylor*, 21 F.4th 94, 100 (3d Cir. 2021). The amended complaint, as alleged, fails to state a § 1983 claim against Erik Shenkus and Cape May County Prosecutor. The claims will be dismissed with prejudice.

### 5. Prosecutorial Immunity

The Court liberally construes the complaint as alleging the Cape May County Prosecutor initiated criminal proceedings against Plaintiff without probable cause. Filing a criminal complaint, even where it is alleged the proceeding was initiated without probable cause, is an activity "intimately associated with the judicial phase of the criminal process" for which a prosecutor is entitled to immunity from suit. *Fogle v. Sokol*, 957 F.3d 148, 164 (3d Cir. 2020) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Therefore, the Court will dismiss the § 1983 claim(s) against Cape May County Prosecutor with prejudice.

## IV. CONCLUSION

For the reasons stated above, the Court will grant Plaintiff's IFP application. The Court will dismiss the amended complaint, in part with prejudice and in part without prejudice. Plaintiff is granted leave of court to file a second amended complaint, within 30 days, to cure the deficiencies in his conspiracy claims, which have been dismissed without prejudice, and to raise any additional properly joined claims under Federal Rule of Civil Procedure 12.

An appropriate Order follows.

**DATE: December 10, 2024**

<u>s/Renée Marie Bumb</u>
Renée Marie Bumb
Chief United States District Judge
